ANDERSON DAVIS, ET AL. *v.* JAMES A. BOYD.

**Infants—New Promise—Estoppel.**

A new promise by an infant, to pay a note, in the absence of false statements relative to the note, or the age of the promissor, does not constitute an estoppel by anythig said or done, from making a defense on the ground of infancy.

**Same—Statute of Frauds.**

A promise, after becoming of age, not in writing, to pay off the note, is not enforcible under the Statute of Frauds.

**Same—Sale of Property—Pleadings.**

Where an infant sells property, for which he had given his note, and in an action to enforce the note, he pleads infancy, and the pleadings fail to show that the property or its proceeds were in the possession of

the obligor, after he attained lawful age, he was not bound to make restoration before relying on the plea of infancy.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 19, 1870. ....

OPINION OF THE COURT BY JUDGE LINDSAY:

Appellant having admitted on the trial that Boyd was an infant at the time he executed the note to Davis, it only remains to be determined whether the petition as amended, authorized a recovery. Although it does not clearly appear that Boyd was still an infant at the time he assured the Bells that the note was all right and that he would pay it. The language used will not readily admit of a different interpretation. Being an infant and it not appearing that he made any false statements relative to the note or his age, he was not estopped by any thing he did or said from making defense to this action. His promise to pay the note, made since he attained his majority, do not seem to have been made in writing, and therefore under our statute of frauds are not enforceable. It also appears that he disposed of the property for which the note was given. And as there is nothing in the pleadings to indicate that the same or its proceeds were in his possession after he attained the age of twenty-one, he was not bound to make restoration before relying upon the plea of infancy.

The court did not err in dismissing appellant's petition, and the judgment is affirmed.

*Sweeney & Stuart, for appellants.*